UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

U.S. DISTRICT COURT
DISTRICT OF MAINE
BANGOR
RECEIVED AND FILED

JUN 1 8 2026

JENNIFER P. LYONS. CLERK

BY_____
DEPUTY CLERK

NATHAN REARDON,

Plaintiff,

v.                              Civil Action No. _____

LANCE E. WALKER,
ASHLEY HADAM,
JOHN AND JANE DOES 1–20,

Defendants.

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

Plaintiff Nathan Reardon, proceeding pro se, alleges as follows:

INTRODUCTION

1.  This action arises from the continued enforcement of an occupational restriction after the United States Court of Appeals for the First Circuit vacated that restriction in United States v. Reardon, No. 22-1883.
2.  Plaintiff alleges that despite the First Circuit's vacatur, Defendants continued to prohibit Plaintiff from engaging in self-employment during the remand period before resentencing.
3.  Plaintiff further alleges that one or more Defendants, acting individually or in concert with unknown actors, directed, authorized, approved, or ratified the continued enforcement of the vacated restriction.
4.  The identities of all individuals involved in those decisions are presently unknown and must be determined through discovery.

JURISDICTION AND VENUE

5.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.
6.  Venue is proper in the District of Maine because the events giving rise to this action occurred within this District.

PARTIES

7.  Plaintiff Nathan Reardon is a resident of Somerset County, Maine.
8.  Defendant Lance E. Walker is a United States District Judge who, upon information and belief, participated in decisions affecting Plaintiff's occupational restrictions following remand.
9.  Defendant Ashley Hadam was Plaintiff's supervising United States Probation Officer.

10. Defendants John and Jane Does 1–20 are persons whose identities are presently unknown but who participated in communications, directives, approvals, or decisions regarding enforcement of Plaintiff's occupational restriction following the First Circuit's vacatur.

## FACTUAL ALLEGATIONS

11. The district court originally imposed a blanket prohibition against Plaintiff engaging in self-employment.
12. Plaintiff appealed that restriction to the United States Court of Appeals for the First Circuit.
13. On May 23, 2024, the First Circuit vacated the occupational restriction and remanded the matter for further proceedings.
14. The First Circuit held that the district court had failed to determine whether the occupational restriction represented the minimum restriction necessary under applicable law.
15. Following issuance of the First Circuit decision, Plaintiff contacted Defendant Hadam regarding whether he could resume self-employment.
16. Defendant Hadam advised Plaintiff in writing that she had reviewed the First Circuit order and was attempting to determine whether Plaintiff could immediately engage in self-employment.
17. Specifically, Defendant Hadam stated:

"I am waiting to hear if you can be self-employed right away or if you must wait until after resentencing. I will keep you posted."

18. Plaintiff advised Defendant Hadam that he had been informed that the occupational restriction had been vacated by the First Circuit.
19. After consulting with one or more unidentified persons, Defendant Hadam responded:

"No self-employment until resentencing."

20. This directive occurred after the First Circuit had vacated the occupational restriction.
21. Defendant Hadam's communications demonstrate that she sought guidance from another source before issuing the directive.
22. Defendant Hadam did not identify the person or persons who instructed, authorized, or approved the continued prohibition on self-employment.
23. Upon information and belief, one or more Defendants and/or unknown actors participated in communications or decisions resulting in continued enforcement of the vacated restriction.
24. Plaintiff alleges that the continued prohibition on self-employment deprived the First Circuit's vacatur of practical effect during the remand period.
25. Plaintiff suffered economic harm, interference with lawful business activities, emotional distress, and other damages as a result.

COUNT I
DECLARATORY RELIEF

26. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.
27. An actual controversy exists concerning whether the occupational restriction remained enforceable after it was vacated by the First Circuit.
28. Plaintiff seeks a declaration concerning the legality of the continued enforcement of that restriction during the remand period.

COUNT II
VIOLATION OF RIGHTS ARISING FROM CONTINUED ENFORCEMENT OF VACATED RESTRICTION

29. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.
30. Plaintiff alleges that Defendants participated in, approved, authorized, directed, or ratified actions that continued enforcement of the vacated occupational restriction.
31. Plaintiff further alleges that such actions caused injury and damages.
32. The identities and precise roles of all participants are presently unknown and must be determined through discovery.

DISCOVERY REQUIRED

33. Plaintiff seeks discovery concerning all communications relating to:

a. The First Circuit's vacatur of the occupational restriction;

b. Plaintiff's self-employment status following vacatur;

c. Communications involving Ashley Hadam;

d. Communications involving Lance E. Walker;

e. Internal probation records and notes;

f. Emails, text messages, memoranda, directives, and communications identifying who instructed that Plaintiff remain prohibited from self-employment following the First Circuit decision.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter declaratory relief as requested herein;

B. Permit discovery regarding all communications and decisions concerning continued enforcement of the occupational restriction;

C. Award compensatory damages in an amount to be determined at trial;

D. Award costs and any other relief the Court deems just and proper; and

E. Grant such additional relief as justice requires.

JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

/s/ Nathan Reardon

Nathan Reardon
PO Box 52
Detroit, ME 04929
(207) 745-7575
Plaintiff, Pro Se

DATED: 6-13-26